**Barbara K. ISHAM, Plaintiff,**

v.

**PILLOWTEX CORPORATION, Defendant.**

No. 1:97–CV–77.

United States District Court,
E.D. Texas,
Beaumont Division.

March 3, 2000.

James H. Riley II, Shook, Hardy & Bacon, Houston, TX, Paul W. Gertz, Lawrence L. Germer, Germer & Gertz, Beaumont, TX, for plaintiff.

Roy William Hardin, Locke, Liddel & Sapp, Dallas, TX, Carl A. Parker, Parker & Parks, Port Arthur, TX, for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

This is a patent infringement case brought by Barbara K. Isham [Isham] against Pillowtex Corporation [Pillowtex]. Isham alleges that the defendant infringed her patent of a bedding article. The defendant has filed three separate motions for summary judgment. All of them are currently before the court. For the reasons set forth below, the court holds that Pillowtex has not infringed Isham's patent.

## I. BACKGROUND

Isham is an individual who from 1985 to 1987 manufactured and sold bedding products allegedly covered by the defendant's patent. Pillowtex, the lone defendant, is a corporation headquartered in Dallas, Texas who sells bedding products.

The patents involved in this case are not very technical. The only issue to be decided is whether or not Isham's patent can be said to cover a bedding article that has a stretchable skirt around the entirety of the product. Isham is the owner of U.S.Patent No. 4,672,702 entitled "Articles of Bedding with Stretch Fit Ends" ['702 patent]. Pillowtex is alleged to have infringed this patent by making bedding articles that have a stretchable skirt around the entire product.

Isham's patent discloses a bedding article which the court simply would call a mattress pad. The article is made from a rectangular top fabric panel (13) and at least one rectangular stretch panel (15) combined to form a box-like construction defined on the top and each side by the fabric panel (13) and on the end by the stretch panel (15). The '702 patent discloses that the top fabric panel has a specified width and specified cutouts so that a portion of the stretch panel (15) extends a nominal distance beyond the corners of the box end. The drawings below are illustrative of the '702 patent.

The Pillowtex products that are alleged to infringe the 702 patent are made in accordance with Pillowtex's own United States Patent No. 5,127,115 issued on July 7, 1992. ['115 patent].[1]   The Pillowtex products have a stretchable skirt attached along the edge of the top fabric panel.  In essence, the Pillowtex product has a stretchable skirt around the entire mattress pad.  The drawings below illustrate the '115 patent.

---

1.  The patent of course was issued to natural persons—Pillowtex employees Williams, Souza and Boyter.

Fig.1

Fig.2A

Fig.2B

Fig.3A

Fig.3B

The broadest claim in Isham's '702 patent is Claim 1. It reads:

1. A bedding article for use with a rectangular mattress, having opposing head and foot ends, comprising:

a fabric panel of substantially rectangular shape nominally exceeding the width of the mattress, measured parallel to said head and foot ends, plus twice the depth of the mattress in width,

said fabric panel having at each corner of said foot end substantially rectangular cutouts forming at each foot end corner a first edge non-parallel to the foot end of said fabric panel and a second edge parallel to said foot end;

a substantially rectangular stretch panel having two long sides and two ends attached along one long side to the foot end and to said first edges of said fabric panel and along each end of said stretch panel to said second edges of said fabric panel so as to form a box-like construction defined on the top and each side by said fabric panel and on the end by said stretch panel wherein said stretch panel extends a nominal distance beyond the corners of said box end.

Claim 1 details two main elements—a fabric panel and a stretch panel. The description of these elements is at the heart of this case. Isham has maintained that Pillowtex has infringed her patent by selling a mattress pad that has stretch fitting around the entirety of the pad. Isham claims that Pillowtex's products have every element of the '702 patent or the equivalent of every element. Isham relies on the doctrine of equivalents to prove the infringement. Pillowtex, on the other hand, argues that the doctrine of prosecution history estoppel (also known as "file

wrapper estoppel") prevents Isham from succeeding on her claim for patent infringement. Thus, it is necessary to discuss the prosecution history of the '702 patent.

## II. PROSECUTION HISTORY

The '702 patent resulted from U.S.Patent Application Serial No. 06/682,345 which was filed on December 17, 1984. In the application, claim 1 originally read:

> 1. A bedding article for use with a mattress comprising:
> a fabric panel of a shape substantially congruent to that of the upper surface of said mattress;
> at least one substantially rectangular stretch panel attached along one side and along each end of said rectangle to said fabric panel so as to form a box-like construction defined on the top and each side by said fabric panel and on the end by said stretch panel wherein said stretch panel extends a nominal distance beyond the corners of said box end; and an elastic band attached along the free side of said stretch panel.

*See* Relevant Parts of File History for U.S.Patent Application Serial No. 06/682,-345, (Ex. D of Pillowtex's First Motion for Summary Judgment).

This original Claim 1 (as well as other claims) was rejected by the examiner under 35 U.S.C. § 112, second paragraph,[1] as being indefinite for failing to particularly point out and distinctly claim the subject matter which Isham regarded as the invention. Specifically, the Examiner found that the claims did not make it clear that the lateral side panels of the mattress pad

are extensions of the top fabric panel. Also, Claim 1 was rejected under 35 U.S.C. § 103 [2] as being obvious over certain earlier patents that the Examiner declared made the claimed invention "obvious" and unpatentable. *See* Examiner's Action, pgs ISH–00031–34 (submitted as Exhibit D) (stating how Isham's patent was unpatentable over Grattan in view of Mazera and Bahr (other patents)).

In response to this rejection, Isham filed a declaration under 37 C.F.R. § 1.132. In this declaration, Isham stated that a full peripheral skirt design (i.e. stretch fabric extending completely around the top of the fabric panel sheet) was unsuccessful. Isham stated that the best results were achieved when the stretch panel extended around the corner of the sheet for a short distance. *See* Declaration Pursuant to 37 C.F.R. § 1.132 of Barbara Isham, Dec. 17, 1984 (submitted as Exhibit D) at ISH–00036–37. The relevant parts of the declaration are in paragraphs 4 and 5.

In paragraph 4(a), Isham stated "[s]tretch fabric was placed *all around* the sides of a sheet so that the panels cover the four sides of the mattress. This total panel concept was *unsuccessful* because the cotton sheeting puckered and the side panels gave an unkempt appearance. The tension provided by the total panel concept was insufficient and the sheet as a result would not remain in place properly." *Id.* (emphasis added). In paragraph 5, Isham stated that her invention was most successful when she "used stretch panels at the head and foot of the sheet and extending around the 'corners' of the sheet for a short distance. The stretch panels at the

---

**1.** Paragraph two of 35 U.S.C. § 112 states "[t]he specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention."

**2.** 35 U.S.C. § 103 is titled "Conditions for patentability; non-obvious subject matter." It reads:

"A patent may not be obtained though the invention is not identically disclosed or de-

scribed as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made."

head and foot of the sheet provide enough stretch to allow the sheet to adjust to variations in mattress length." *Id.*

It is these statements that Pillowtex relies on to establish prosecution history estoppel. Pillowtex maintains that these statements are part of the public record and that the public is justified in relying on them. Thus, they claim they did not infringe the '702 patent. Pillowtex marketed and sold their own product which had a stretchable skirt around the entire mattress pad. Since Isham stated she tried that and it did not work, Pillowtex maintains she is estopped from asserting a claim for patent infringement on this very ground.

Even after Isham made the statements at issue, her patent was again rejected by the Examiner under 35 U.S.C. § 112, second paragraph. This time, the Examiner stated that it was unclear as to what part of the fabric panel the stretch panel attached. *See* Final Office Action, Sept. 17, 1986 at ISH–00066 (Exhibit D). In response to this rejection, Isham filed an Amendment adding the language found in the current Claim 1. *See* Amendment Pursuant to 37 C.F.R. § 1.116, Dated Dec. 17, 1986 at ISH–00068–70 (Exhibit D). This language defines the cutouts and the attachment of the stretch panel to the edges of the cutouts. Isham stated that she added this language to clarify the manner in which the stretch panel is attached to the fabric panel. *Id.* at ISH–00073.

## II. DISCUSSION

### A. Standard for Summary Judgment

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A factual dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

All evidence submitted must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The initial burden of demonstrating that there are no issues of material fact rests with the moving party. *See Goodman v. Mead Johnson & Co.,* 534 F.2d 566, 573 (3d Cir.1976). "This burden ... may be discharged by 'showing' ... that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

If the moving party meets this initial burden, then the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Anderson,* 477 U.S. at 247–48, 106 S.Ct. 2505. No issue for trial exists unless the nonmoving party can come forth with sufficient evidence favoring the nonmoving party such that a reasonable jury could return a verdict in that party's favor. *See id.* at 249, 106 S.Ct. 2505; *Colgate Palmolive Co. v. W.L. Gore & Assocs., Inc.,* 919 F.Supp. 767, 770 (D.N.J.1996).

### B. Doctrine of Equivalents

Isham has not alleged that Pillowtex's product literally infringes her patent. Instead, Isham relies on the doctrine of equivalents to support her claim for patent infringement. The doctrine of equivalents provides that there may be infringement "if there is 'equivalence' between the elements of the accused product and the claimed elements of the patented invention." *Warner–Jenkinson Co., Inc. v. Hilton Davis Chem. Co.,* 520 U.S. 17, 117 S.Ct. 1040, 1045, 137 L.Ed.2d 146 (1997) (*citing Graver Tank & Mfg. Co. v. Linde Air Prods. Co.,* 339 U.S. 605, 609, 70 S.Ct. 854, 94 L.Ed. 1097 (1950)). The doctrine of equivalents ensures that patent pirates

cannot immunize themselves from infringement liability by undertaking minor, insubstantial alterations solely to remove a product from the literal scope of a patent's claims. *See Graver Tank*, 339 U.S. at 607, 70 S.Ct. 854 ("One who seeks to pirate an invention, like one who seeks to pirate a copyrighted book or play, may be expected to introduce minor variations to conceal and shelter the piracy.").

### 1. Limits to the Doctrine of Equivalents

■ ■ There are limitations to the doctrine of equivalents. *K–2 Corp. v. Salomon S.A.*, 191 F.3d 1356, 1367 (Fed.Cir. 1999). The Federal Circuit has recognized that "[t]he doctrine of equivalents cannot be used to erase 'meaningful structural and functional limitations of the claim on which the public is entitled to rely in avoiding infringement.' " *Conopco, Inc. v. May Dep't Stores Co.*, 46 F.3d 1556, 1562 (Fed.Cir.1994) (*quoting Pennwalt Corp. v. Durand–Wayland, Inc.*, 833 F.2d 931, 935 (Fed.Cir.1987) (en banc)). Prosecution history estoppel protects later patentees who relied on statements made during previous patent applications from liability for patent infringement.

■ More specifically, prosecution history estoppel limits application of the doctrine of equivalents by preventing recapture of coverage surrendered during prosecution in order to obtain allowance of the claims. *See Mark I Mktg. Corp. v. Donnelley & Sons Co.*, 66 F.3d 285, 291 (Fed.Cir.1995); *Pall Corp. v. Micron Separations Inc.*, 66 F.3d 1211 (Fed.Cir. 1995); *Zenith Lab, Inc. v. Bristol–Myers Squibb Co.*, 19 F.3d 1418, 1424 (Fed.Cir. 1994). Pillowtex contends that Isham's statements made during her patent application demonstrate that she relinquished her claim to a bedding product that has a stretchable skirt around the entire article.

■ The application of prosecution history estoppel is a question of law for this court to decide. *Cybor Corp. v. FAS Tech., Inc.*, 138 F.3d 1448, 1460 (Fed.Cir. 1998) (en banc); *Mark I*, 66 F.3d at 289, 291; *Hoganas AB v. Dresser Indus. Inc.*, 9 F.3d 948, 952 (Fed.Cir.1993) ("Because prosecution history estoppel is a question of law, we are free to undertake a complete and independent analysis of this issue.") (footnotes omitted). Prosecution history estoppel can arise in a number of ways. Estoppel can come from statements made during an amendment, argument, or cancellation of a claim altogether. *See Haynes Int'l, Inc. v. Jessop Steel Co.*, 8 F.3d 1573, 1579 (Fed.Cir.1993) ("[A]n estoppel can be created even when the claim, which is the basis for the assertion of infringement under the doctrine of equivalents, was not amended during prosecution.").

### 2. Application of Prosecution History Estoppel

■ The test to be applied is whether the prosecution history would convince the mythical reasonable competitor that the patent owner had surrendered the allegedly offending construction. *See Mark I*, 66 F.3d at 291; *Hoganas*, 9 F.3d at 952; *Haynes*, 8 F.3d at 1578, *Zenith*, 19 F.3d at 1424. After applying this test to the facts in this case, it becomes clear that Isham relinquished coverage of the bedding product with a stretchable skirt around the entire article. Thus, prosecution history estoppel prevents her from prevailing on her claim of patent infringement.

In *Texas Instruments v. United States Intern. Trade Com'n*, 988 F.2d 1165 (Fed. Cir.1993), the Federal Circuit held that "[u]nmistakable assertions made by the applicant to the Patent and Trademark Office (PTO) in support of patentability, whether or not required to secure allowance of the claim, also may operate to preclude the patentee from asserting equivalency between a limitation of the claim and a substituted structure or process step." 988 F.2d at 1174. Therefore, "if argument unequivocally describes a technique, device or configuration as inef-

fective, a court undertakes the reliance inquiry not from the perspective of the patent examiner but rather from that of a reasonable competitor in the market." *Colgate*, 919 F.Supp. at 772.

Isham's statement that "stretch fabric was placed all around the sides of a sheet so that the panels cover the four sides of the mattress. This total panel concept was *unsuccessful* because the cotton sheeting puckered and the side panels gave an unkempt appearance" prohibit her from succeeding with her claim for patent infringement. Ex. D at ISH–00037 (emphasis added). There is no doubt that a reasonable competitor would rely on these statements in determining that Isham had given up on the total panel concept. "An estoppel will arise if a reasonable competitor would rely on the representations tendered during patent prosecution." *Colgate*, 919 F.Supp. at 772 (*citing Texas Instruments*, 988 F.2d at 1174–75); *see also Haynes*, 8 F.3d at 1578 (describing how an applicant gave up coverage during the patent application process). Pillowtex, as a competitor of Isham's, has every right to rely on these representations as admissions that Isham did not patent the total panel concept. Accordingly, Isham is now estopped from presenting any argument that a structure with stretch panels on all sides (Pillowtex's accused product) is "equivalent" to her invention under the '702 patent.

Isham cites *Pall Corp. v. Micron Separations, Inc.*, 66 F.3d 1211 (Fed.Cir.1995) for the proposition that prosecution history estoppel does not apply to claim language changes addressing an examiner's rejection that a claim is indefinite under 35 U.S.C. § 112. This court does not read *Pall* so broadly. In *Pall*, the court observed that prosecution history normally arises when the patentee modifies claims to overcome prior art objections. 66 F.3d at 1219. That decision, however, acknowledged that the doctrine may also arise in response to rejections under § 112. In such instances, a presumption of estoppel

does not exist but instead depends on the "particular facts" in question. *Id.* at 1220; *Australia Vision Servs. Pty. Ltd. v. Dioptics Med. Prods. Inc.*, 29 F.Supp.2d 1152, 1158 (C.D.Ca.1998).

Here, Isham made an unequivocal statement to the Examiner that stretch panel on all sides did not work because it caused an unkempt appearance. As a result, these "particular facts" demonstrate that Isham limited her claim to a design without stretch panels on all sides. Isham argues that she never said that the total panel concept did not work for its intended purpose of keeping the pad on the mattress. Rather, she only said that she did not like the appearance of the total panel concept and she preferred the embodiment wherein the stretch panel was placed at only the corners of the mattress. This rationale ignores the fact that prosecution history estoppel is determined from the vantage point of what a competitor was reasonably entitled to conclude from the statements made to the Examiner. *Haynes*, 8 F.3d at 1578.

In this case, a reasonable competitor would have concluded that Isham gave up coverage of the total panel concept. She stated that the total panel concept was unsuccessful. Then, she amended her claims in a significant amount and detailed how "cut-outs" would be placed at the corners of the product. The description of the "cut-outs" was added to the claims to clarify the manner in which the stretch panel attached to the fabric panel. After making the statements about the total panel concept being unsuccessful, Isham never again addressed that concept. A reasonable competitor would take these actions to mean that Isham surrendered coverage of stretch panels on all sides of the bedding product. Therefore, this case presents a classic example of when to apply prosecution history estoppel to a claim of infringement.

### III. CONCLUSION

The court holds that Pillowtex's bedding products do not infringe the '702 patent.

Because of the doctrine of prosecution history estoppel, Isham is prevented from obtaining coverage under the doctrine of equivalents over Pillowtex's products. Therefore, the court GRANTS defendant's First Motion for Summary Judgment.[3]

---

3. Because the court has ruled favorably on defendant's First Motion for Summary Judgment, there is no reason to discuss either the Second or Third Motions for Summary Judgment. Furthermore, the defendant's request for Attorney's Fees is DENIED.